JACKSON BRITTON, PROSECUTOR, v. BERKELEY TOWNSHIP BOARD OF EDUCATION, RESPONDENT.

Argued May 31, 1926—Decided June 18, 1926.

In a proceeding by a township board of education to condemn lands for school purposes, it is essential that the same description of the lands to be taken be contained in the form of ballot submitted to the voters of the township, for their approval, and in all subsequent proceedings for the condemnation of the lands.

----

On *certiorari* removing report of commission in condemnation of lands of prosecutor for school purpose, in Berkeley township, county of Ocean.

For the prosecutor, *R. Ten Broeck Stout.*

Contra, *Theodore Backes* and *David A. Veeder.*

The opinion of the court was delivered by

MINTURN, J. The proceedings in a case of this character, involving the taking of lands *in invitum,* are strictly statutory, and must be strictly pursued, in order to legally justify the taking, as well as to insure a valid title to the township, upon which an issue of township bonds may be legally unassailable. 3 *Dill Mun. Corp.* 1040; *State-Durant* v. *Jersey City,* 25 *N. J. L.* 309; *Cook* v. *Manasquan,* 80 *Id.* 206; *Vail* v. *M. & E. R. R. Co.,* 21 *Id.* 189.

The description of the lands taken in this instance followed a generic form on the ballot submitted to the voters of the township, as well as in the notice of *lis pendens* filed with the county clerk, and in the petition for the appointment of the commissioners. The report and award of the latter describes the land taken by metes and bounds, so as to be practically unrecognizable, as the original description. In fact, the prosecutor now insists that the later description varies so· as to exclude the *locus* voted upon and include another section not included in the original general description submitted to the voters for their approval.

The landowner had a legal right to be heard upon that description of the taking, for the purpose of submitting figures as to value, and, if need be, present the question of damages, if any, arising incidentally from the taking. A departure in this respect is fundamental and material, and might, by its vagueness, lend color to an attack upon the township title to the *locus,* as well as present a valid objection to a legal bond issue. Its correction at this stage is therefore important. *Simon. Mun. Bonds* 82; *Packard* v. *Jefferson Co.,* 2 *Col.* 338; *Vail* v. *M. & E. R. R. Co., supra; Smith* v. *Trenton, &c., Co.,* 17 *N. J. L.* 5.

But since he has legally acquiesced in the proceedings up to this interval, his attack must be limited to the manifest departure from the record presented by the report and

award, which seems to be the only ground presented by him upon this contest. The report not having been confirmed, it will be referred back to the commissioners, for the purpose of rehearing and reconsideration, upon the basis of the decription contained in the earlier proceedings.

Such will be the order.